UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZAHED KHAN,

    Plaintiff

v.

ALLIANT CAPITAL MANAGEMENT, LLC,

    Defendant

_____/

**COMPLAINT**

Case No.: 17cv5146

Request for Jury Trial

Plaintiff, Zahed Khan ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Alliant Capital Management, LLC, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff Zahed Khan is a resident of State of New York and currently resides at 55-09 98th Street, Apt. 3, Corona, NY 11368.

6. Defendant Alliant Capital Management, LLC, is a company engaged in the business of collecting debts with a principal place of business located at 210 John Glenn Dr., Amherst, NY 14228-2213.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. The Defendant was listed as collecting on her credit report, therefore the Plaintiff contacted them in order to obtain information on his account.

12. On February 21, 2017, the Plaintiff called the Defendant to obtain information about the account listed on his credit report.

13. After confirming the Plaintiff's identity and finding the account, the Defendant's representative stated: "Um, we do have your account in our office regarding K-Mart. Unfortunately, you are in pre-legal status. You do have a claim for seven-hundred thirty-three dollars and thirty cents. Are we calling in to pay this off today?"

14. Plaintiff stated: "Yeah, this has been paid. So I would like to dispute that."

15. Defendant's representative stated: "You're saying it's been paid already?"

16. Plaintiff stated: "Yes."

17. Defendant's representative stated: "By who, cause it's not been paid in our office?"

18. Plaintiff stated: "By me, sir."

19. Defendant's representative stated: "Yeah, but you're in collections. We have your debt in our office."

20. Plaintiff stated: "I understand, but I…I…I…I…I made a payment so I would like to dispute that."

21. Defendant's representative stated: "Ok, but you have to pay our office to get something done."

22. Plaintiff stated: "Well, they're the creditor and I made a payment with them so it shouldn't be with you guys anyway.

23. Defendant's representative stated: "Well, it is. It's with Security Credit Services."

24. Plaintiff stated: "So are you guys gonna be able to dispute that or am I gonna have to call them?"

25. Defendant's representative stated: "You could call Security Credit Services, but they're just gonna direct you to us because we work with them. Security Credit Services, they own your debt, but we're working with…"

26. Plaintiff stated: "But how has it been sent to you guys when I already made the payment? It's been paid."

27. Defendant's representative stated: "No payment has been paid. I mean when did you pay it?"

28. Plaintiff stated: "I'd like to dispute it."

29. Defendant's representative stated: "No, no. Haha. I asked you a question. You didn't answer the question. You said that you paid it."

30. Plaintiff stated: "Yeah, I paid it."

31. Defendant's representative stated: "When did you pay it?"

32. Plaintiff stated: "Last week."

33. Defendant's representative stated: "Ok, so who did you pay it to?"

34. Plaintiff stated: "With SmartPay. Ted Tempo"

35. Defendant's representative stated: "Tempo. They're gonna have to send the payment to our office. You know what I mean, that it was paid prior. Because we haven't got the credit for it."

36. Plaintiff stated: "So what do I do right now."

37. Defendant's representative stated: "I mean right now we have to get the payment from Tempo. So Tempo has to pay Security Credit Services which is gonna pay our company. I can't dispute anything because if you already paid it to them they have to give the payment to our company to adjust it on your account."

38. Plaintiff stated: "So I'm calling them and they're me to call you guys, so I don't know who has what. I mean it's been paid. I'd like to dispute it."

39. Defendant's representative stated: "Ok, we have the account. Nothing has been paid in our office. If you paid another company, by law that company has to pay our company. We're the ones at Alliant Capital Management, we have the right to work with that. Security Credit Services, they bought the debt. We work with them…"

40. Plaintiff stated: "Better, you guys can talk to them. But I would like to dispute it."

41. Defendant's representative stated: "You can't dispute something if you already paid another company because they're gonna pay it…they're gonna move the payment towards us. Does that make any sense to you? That's how it works."

42. The call ended shortly after.

43. The Defendant refused to grant the Plaintiff's request to dispute his account, despite the Plaintiff's repeated requests to do so.

44. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – preface

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

46. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

47. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account because he had made payment to another company.

48. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

51. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account because he had made payment to another company.

52. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

55. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and

informing the Plaintiff that it could not dispute his account because he had made payment to another company.

56. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

59. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to grant the Plaintiff's request to dispute his account despite the Plaintiff's repeated requests to do so and informing the Plaintiff that it could not dispute his account because he had made payment to another company.

60. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

61. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: August 30, 2017

                                                  Respectfully submitted,

                                                  **s/Subhan Tariq**
                                                  Subhan Tariq, Esq.
                                                  Attorney I.D.# ST9597
                                                  The Tariq Law Firm, PLLC
                                                  **Attorney for Plaintiff**
                                                  9052 171st Street
                                                  Jamaica Estates, NY 11432
                                                  Telephone: (516) 900-4529
                                                  Facsimile: (516) 453-0490
                                                  Email: subhan@tariqlaw.com

To:     Alliant Capital Management, LLC
        210 John Glenn Dr.
        Amherst, NY 14228-2213
        (*via Prescribed Service*)

        Clerk of the Court,
        United States District Court
        Eastern District of New York
        255 Cadman Plaza E.
        Brooklyn, NY 11201

        (*For Filing Purposes*)