UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ZAHED KAHN,                                                   :        **MEMORANDUM DECISION**
                                      Plaintiff,              :        **AND ORDER**
                   - against -                                :
                                                              :        17-cv-5146 (BMC)
ALLIANT CAPITAL MANAGEMENT, LLC,                              :
                                                              :
                                      Defendant.              :
------------------------------------------------------------- X

**COGAN**, District Judge.

        This action is before me on plaintiff's motion for a default judgment.  Sometimes these

actions under the Fair Debt Collection Practices Act suggest that the primary beneficiary is the

plaintiff's lawyer and that the plaintiff's recovery is merely incidental.  In this action, however,

there is no suggestion; it is patently obvious.  The motion contains no proof or even submission

by plaintiff.  It consists entirely of a memorandum of law.  And that memorandum of law is

directed entirely to justifying the claim of plaintiff's attorney to $3,540 in attorney's fees and

$450 in costs.  There is no mention of any recovery for plaintiff personally until the

"Conclusion" section of the memorandum of law, and then it is limited to:  "Plaintiff should be

awarded further awarded [sic] $1,000.00 by this Court for statutory damages."  There is no

argument, let alone evidence, as to why the statutory maximum is appropriate here.  The

presentation of plaintiff's claim as an afterthought to the main event – the recovery of attorney's

fees – could not be more apparent.

        The complaint states a valid claim under the FDCPA and since its allegations are deemed

true on a motion for a default judgment, it is sufficient for an award of some statutory damages.

But with plaintiff's counsel entirely disinterested in justifying the statutory maximum or any

particular amount, I see no reason to presume that the statutory maximum is appropriate.  There

has been no showing of any injury to plaintiff, nor is there any evidence of the nature of defendant's business from which I could conclude that a $1,000 award is more likely to have a deterrent effect than a $100 award. Based on the nominal reference to damages contained in the motion, a nominal award of $100 in statutory damages is appropriate.

As to the real *raison d'être* for this action, counsel's claim for $3,450 in attorney's fees, it is too high. Plaintiff's counsel, Subhan Tariq, was admitted to the New York bar in 2014. (The motion does not mention this information, but it is publicly available on the website of the New York State Unified Court System.) The motion claims without any supporting evidence that Mr. Tariq has been receiving attorney's fees based on a $300-per-hour rate since then. In a case last spring, one of comparable difficulty, Judge Chen reduced Mr. Tariq's rate from his requested $375 to $250 per hour to calculate a fee award. Frederic v. Commonwealth Fin. Sys., Inc., No. 15-cv-03811, 2016 WL 1383488, at *3 (E.D.N.Y. Apr. 7, 2016). Judge Chen noted that the $250-per-hour rate was still high for someone with Mr. Tariq's experience.

The motion cites Mira v. Maximum Recovery Solutions, Inc., No. 11-cv-1009, 2012 WL 4511623, at *5 (E.D.N.Y. Aug. 31, 2012), report and recommendation adopted, No. 11-cv-1009, 2012 WL 4581590 (E.D.N.Y. Sept. 29, 2012), for the proposition that judges in this district regularly award experienced attorneys hourly rates from $250 to $350, but neglects to mention that when the court referred to "experienced" attorneys, it cited cases awarding $300-or-more fee rates to counsel with 17-19 years of experience. The Mira court reduced the attorney's fee rate from the requested $325 per hour to $225 – and the attorney in that case had been practicing for ten years. In another fairly recent case, the court applied a $150-per-hour rate to counsel who had been working in credit and collection law for three years, the same length of time as Mr.

Tariq. See Gonzalez v. Healthcare Recovery Mgmt. Inc., No. 13-cv-1002, 2013 WL 4851709, at *3-4 (E.D.N.Y. Sept. 10, 2013).

Looking at counsel's performance in this case, Judge Chen's allowance of $250 per hour for this attorney is higher than a reasonable rate. Counsel's motion, as noted above, barely mentions why his client should recover anything, and the one sentence that addresses plaintiff's claim contains an obvious typographical error. The motion contains no reference to the complaint or to the facts giving rise to this action. It refers to plaintiff using mostly female pronouns but occasionally male pronouns as well. It was very apparently lifted from some attorney's fee application counsel filed in another case.

Based on my familiarity with the rates in this district and on the quality of work submitted in this case, my conclusion is that a reasonable – if not generous – hourly rate for this attorney is $225 per hour.

As to the amount of time spent, plaintiff submitted a fairly detailed attorney time report with the motion. Counsel claims he expended 11.8 hours, which seems like a long time for such an easy case. For example, eighteen minutes to determine that an answer has not been filed and that defendant has failed to contact counsel is a bit much. It is true that courts have granted fees based on a similar number of hours in FDCPA default cases. See Dunn v. Advanced Credit Recovery Inc., No. 11-cv-4023, 2012 WL 676350, at *6 (S.D.N.Y. Mar. 1, 2012) (citing examples), report & recommendation adopted, No. 11-cv-4023, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012). But more recently, Judge Chen reduced Mr. Tariq's hours from the requested 16.8 hours to 9.5 hours for a case of similar magnitude. See Frederic, 2016 WL 1383488, at *4. An appropriate amount of time for this case is 11 hours.

With a reasonable rate of $225 per hour and 11 hours of time reasonably spent, the appropriate attorney's fee for this case is $2,475, plus costs of $450. The Clerk is therefore directed to enter judgment for plaintiff in the amount of $3,025.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 27, 2017